**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| WALMART, INC. a foreign corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Plaintiff, KIMBERLY SNYDER ("Plaintiff"), by her attorneys, BENJAMIN AND SHAPIRO, LTD., and for her Complaint at Law against the Defendant WALMART, INC. ("Defendant"), she alleges as follows:

**INTRODUCTION**

1.      The Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-2(a)(1, which states as follows:

**(a)EMPLOYER PRACTICES**

It shall be an unlawful employment practice for an employer—

**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

**(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

The Plaintiff contends that through its conduct, the Defendant discriminated against her based on her gender, female, such that she was constructively discharged..

## JURISDICTION & VENUE

2.      This Court has jurisdiction and venue over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e-55(f)(3), which states as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice..

## PARTIES

3.      The Plaintiff, KIMBERLY SNYDER, is a female who is a citizen of the United States and who is a resident of Bridgeview, Illinois. At all times relevant to this suit she was employed by the Defendant in Chicago, Illinois.

4.      The Defendant WALMART, INC. is a corporation that is in the business of selling goods and services to the public at retail and of also providing medical and dental services to the public. This particular WALMART, INC. is located in Chicago, Illinois.

## STATEMENT OF FACTS

5.      On or about October 13, 2020 the Plaintiff earned her license as a Registered Dental Hygienist.

6.      On or about December 14, 2020 the Plaintiff began her full time employment with the Defendant.

7.      In light of the hiring of the Plaintiff, on or about December 16, 2020 the WALMART Dental Clinic opened with the first patients being seen on that date.

8.      The Plaintiff's employment as a Registered Dental Hygienist either met or was beyond the Defendant's legitimate business expectations.

9.      On or about October 26, 2020, the Defendant hired one Shenoda Hanna, aka Sean, as a Registered Dental Hygienist.

10.      The Plaintiff and Sean graduated from the same accredited program from the same class in May 2020.

11.      Only because of the COVID pandemic, the Plaintiff's final board exam was held in the beginning of September 2020, which explains why the Plaintiff did not earn her license as a Registered Dental Hygienist until October 13, 2020.

12.      Subsequently, the Plaintiff learned that Sean was being paid $10.00 an hour more than the Plaintiff.

13.      The Plaintiff brought this discrepancy in pay to the attention of the Plaintiff's manager, Donell Beckett, and she explained her concern about how a classmate was getting paid $10.00 more an hour than the Plaintiff, to which Beckett offered to look into the pay discrepancy.

14.      When the Plaintiff followed up by email, Beckett neither responded to the email nor ever directed the Plaintiff to reach out to her recruiter.

15.      The next day, Beckett told the Plaintiff and told the Plaintiff that someone must have lied to her about Sean's salary, notwithstanding the fact that the Plaintiff had proof that Sean was being paid $10.0 an hour more than the Plaintiff.

16.      Due to the stress and uncomfortable feelings engendered by Beckett's, and hence the Defendant's conduct, the Plaintiff left her employment with the Defendant.

## COUNT ONE

**Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.***

17.     Title VII, 42 U.S.C. § 2000e-2 *et seq*, described above, prohibits employment practices that discriminate against persons on the basis of their gender

18.     The Plaintiff alleges that the Defendant's conduct in the Plaintiff's constructive discharge from the Defendant's employment was motivated by its discriminatory attitude based solely on the Plaintiff's gender.

19.     The following are some of the discriminatory actions that were taken by the defendant:

   a.     Sean's "prior experience" was not as a dental hygienist, but as dental assistant, for which no schooling is required; the job merely involves handing instruments to the dentist; dental assisting gives no experience to being a dental hygienist

   b.     Sean worked as a dental hygienist, all of one month more than the Plaintiff;

   c.     No one from the Defendant ever sought to explain to the Plaintiff the pay discrepancy between the Plaintiff and Sean, and moreover, the Plaintiff's manager lied to the Plaintiff when the Plaintiff was told that there was no difference in their respective salaries.

20.     When she was informed of the pay discrepancy between the Plaintiff's and Sean's hourly pay, the Plaintiff no longer felt comfortable working for a company that would pay a male colleague more than her.

21.     As a direct, legal and proximate result of the discrimination, Plaintiff sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

21.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her gender.

22.     As a direct, legal and proximate result of the discrimination, Plaintiff has

4

sustained economic damages to be proven at trial. As a result of the Defendant's actions,

Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial.

Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary

relief available for equal pay violations at trial, including liquidated damages for all willful

violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to

Title VII.

23.    Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT TWO

### Gender-Based Pay Discrimination in Violation of
### The Lily Ledbetter Fair Pay Act of 2009

24.    Plaintiffs incorporate by reference as if fully set forth herein the allegations

contained in paragraphs 1 through 20, above.

25.    Section 706(e) of the Title VII states as follows:

> (3)(A) For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

> (B) In addition to any relief authorized by section 1977A of the Revised Statutes (42 U.S.C. 1981a), liability may accrue and an aggrieved person may obtain relief as provided in subsection (g)(1), including recovery of back pay for up to two years preceding the filing of the charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge.".

26.    Defendant employed the Plaintiff and Shenoda Hanna, aka Sean, as a Registered

Dental Hygienists, both of which jobs requiring substantially equal skill, effort, and

responsibility.

5

27.     Despite the fact that the Plaintiff was required to do more work than Sean, the Plaintiff was paid a lower wage than Sean, the male employee

28.     The differential in pay between the Plaintiff and Sean was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than gender.

29.     Defendant caused, contributed to, or caused the continuation of wage rate discrimination based on gender, in violation of the Equal Pay Act.

30.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to the Equal Pay Act.

### COUNT III
### Gender-Based Discrimination in Violation of
### The Illinois Human Rights Act

31.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 30, above.

32.     The Illinois Human Rights Act, 775 ILCS 5/1-102 states as follows:

(A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

6

33. As set out above, the Illinois Human Rights Act guarantees an individual's freedom from discrimination "against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

34. Defendants discriminated against Plaintiff by treating them differently because of her gender, including in unequal wages and compensation, because of her gender.

35. Plaintiff's gender was the determining factor and/or a motivating factor in Defendant's actions.

36. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

37. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on gender.

38. Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

**CHARGE OF DISCRIMINATION/RIGHT TO SUE**

39. On or about April 6 the Plaintiff filed her "Charge of Discrimination" with the Massachusetts Commission against Discrimination. A copy of her filed Charge is attached hereto as **Exhibit A.**

40. On or about September 8, 2022 a "Notice of Right to Sue" was sent to the Plaintiff

granting her 90 days in which to file a lawsuit. A copy of said Notice is attached hereto as **Exhibit B.**

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for relief as follows:

1.      For a declaration that the Defendant's actions, policies, and practices as alleged herein are unlawful;

2.      For lost wages and all other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3.      For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount in excess of $70,000.00.

4.      For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

5.      For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

6.      For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k); and

7.      For such other and further relief as this Court deems just and proper.

KIMBERLY SNYDER

By:      */s/ Scott Skaletsky*
          Scott Skaletsky

Scott Skaletsky, Esq.
Benjamin and Shapiro, Ltd.
180 North LaSalle Street
Suite 2600
Chicago, Illinois 60601
(312) 641-5944 tel / (312) 641-3370 fax
ARDC #6181405
*sskaletsky@benshaplaw.com*